57 F.3d 1083
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 UNITED STATES of America for the Use of MODERN ELECTRIC,
INC., Plaintiff-Appellant,
and
Modern Electric, Inc., Plaintiff,
v.
IDEAL ELECTRONIC SECURITY CO., INC., Defendant-Appellee,
and
International Fidelity Insurance Company, Defendant-Appellee.
 No. 95-1312.
 United States Court of Appeals, Federal Circuit.
 May 26, 1995.
 
 D.D.C.
 DISMISSED.
 ON MOTION
 RICH, Circuit Judge.
 
 ORDER
 
 1
 Modern Electric, Inc. moves to transfer this case to the United States Court of Appeals for the District of Columbia Circuit.
 
 
 2
 The United States District Court for the District of Columbia entered a final judgment in Modern Electric's case on March 13, 1995. Modern Electric filed a timely postjudgment motion and also filed a timely notice of appeal. Modern Electric states that it inadvertently directed the appeal to this court and requests that we transfer the appeal to the appropriate forum.
 
 
 3
 Transfer appears to be unnecessary. Pursuant to Fed.R.App.P. 4(a)(4), a party may appeal a judgment within 60 days after the district court rules on any pending postjudgment motions. In this case, the district court ruled on Modern Electric's postjudgment motion on April 13, 1995. Thus, Modern Electric may file a notice of appeal in the district court and direct its appeal to the proper appellate court.
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 (1) Modern Electric's motion to transfer is denied.*
 
 
 6
 (2) Modern Electric's appeal is dismissed.
 
 
 7
 (3) The revised official caption is reflected above.
 
 
 8
 (4) Each side shall bear its own costs.
 
 
 
 *
 Modern Electric does not provide the court with any information whatsoever concerning this appeal. There is no explanation, for example, of the docket entry that shows that the judgment against Modern Electric was vacated and that Modern Electric had a judgment entered in its favor. Without such information, the court would be reluctant to transfer in any event because the court is required by statute to determine whether such transfer is in the "interest of justice." In the event our dismissal is inappropriate, Modern Electric may return to this court and move for reinstatement and transfer